09-5315
Ali v. Holder

BIA
USCIS AAO
A073 646 265
A093 081 239

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of August, two thousand twelve.

PRESENT:
JON O. NEWMAN,
ROBERT A. KATZMANN,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

MD ARSHED ALI, AKA MOHAMMAD ARSHED ALI,

*Petitioner*,

v.                                       09-5315
                                         NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

*Respondent.*

_____

FOR PETITIONER:     Thomas V. Massucci, New York, N.Y.

FOR RESPONDENT:     Tony West, Assistant Attorney
                    General; Terri J. Scadron, Assistant
                    Director; Anthony W. Norwood, Senior
                    Litigation Counsel, Office of
                    Immigration Litigation, Civil
                    Division, United States Department
                    of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohammad Arshed Ali, a native and citizen of Bangladesh, seeks review of a December 8, 2009 order of the BIA ordering Ali's removal and, in that review, *see* 8 U.S.C. § 1255a(f)(4)(A), seeks review of an April 28, 2009 order of the Administrative Appeals Office ("AAO") of the United States Citizenship and Immigration Services ("USCIS") denying his application for status as a permanent resident under the Legal Immigration Family Equity Act of 2000 ("LIFE Act"), Pub. L. 106-553, 114 Stat. 2762 (2002). *In re MD Arshed Ali*, No. A073 646 265 (B.I.A. Dec. 8, 2009); *In re Mohammad Arshed Ali*, No. A093 081 239 (USCIS AAO Apr. 28, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The AAO denied Ali's application for legalization under the LIFE Act because it found that his 1994 asylum application contradicted his claim that he entered the United States in 1981. Ali argues that this was error because the facts alleged in his asylum application were

2

false.  Ali further argues that the AAO failed to consider the fact that he applied for legalization under the LIFE Act before he applied for asylum.

To establish his eligibility for legalization under the LIFE Act, Ali was required to establish that he entered the United States before January 1, 1982.  *See* 8 U.S.C. § 1255a(a)(2)(A).  "[T]he findings of fact and determinations contained in [the administrative] record shall be conclusive unless the applicant can establish abuse of discretion or that the findings are directly contrary to clear and convincing facts contained in the record considered as a whole."  8 U.S.C. § 1255a(f)(4)(B).

In this case, the AAO did not err in concluding that the documents that Ali submitted to the AAO to show that he entered the United States in 1981 were contradicted by his asylum application, which stated that he left Bangladesh in 1989 and described Ali's activities in Bangladesh throughout the 1980s.  The AAO additionally did not err in concluding that Ali's admission that his asylum application was false called into question the reliability of the documents he submitted in support of his legalization application.  *Cf. Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir.

3

2007) (relying on the doctrine *falsus in uno, falsus in omnibus* to conclude that the BIA does not abuse its discretion in declining to credit documentary evidence submitted by an alien who was found not credible by an IJ). Contrary to Ali's claim that the AAO decision fails to accord collateral estoppel effect to the IJ's decision that Ali's statements were false, the falsity of his previous asylum application does not establish the truth of his legalization claim.

Additionally, while Ali argues that the AAO failed to consider the fact that he first applied for legalization before he filed his application for asylum, the record does not support this claim. *Cf. Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir. 2006) (presuming that an administrative adjudicator has taken into account evidence in the record unless the record compellingly suggests otherwise).

Accordingly, the AAO did not err in concluding that Ali failed to prove that he entered the United States before January 1, 1982, and therefore that he did not establish his eligibility for legalization under the LIFE Act. *See* 8 U.S.C. § 1255a(f)(4)(B). For this reason, the petition for

4

review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk